UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DOUGLAS P. WILBERGER, | ) | CASE NO. 1:12 CV 3009 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| TIM MCGINTY, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On December 10, 2012, Plaintiff *pro se* Douglas P. Wilberger filed this 42 U.S.C. § 1983 action against Cuyahoga County Prosecutor Tim McGinty and Cuyahoga County Common Pleas Judge Janet R. Burnside. Plaintiff filed a "Motion for Leave to Amend Complaint" on January 3, 2013. That Motion, to the extent it seeks to supplement the Complaint, is granted.[1]

Plaintiff is being held at the Cuyahoga County Jail. He alleges his detention is pursuant to a warrant that was not based on probable cause, and that the warrant was therefore void. Plaintiff seeks damages and release from confinement. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court

---

[1] The Complaint and supplemental materials in the Motion for Leave to Amend Complaint shall be referred to together as "the Complaint."

concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). As regards the damages claim, Defendants are absolutely immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 387 U.S. 547 (1967) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors). Despite Plaintiff's assertion to the contrary, there is no reasonable suggestion in the Complaint that Defendants acted outside the scope of their official duties.

Accordingly, this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATED: 2/25/13

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE